IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Charleston Division

DONALD G. DALTON

    Plaintiff,

v.

THE DOW CHEMICAL CORPORATION;
UNION CARBIDE CORPORATION; and
BAYER CROPSCIENCE, LP,

    Defendants.

Case No. 2:18-cv-01494

## NOTICE OF REMOVAL

TO:

    Cathy S. Gatson, Clerk
    Circuit Court of Kanawha County
    111 Court Street
    Charleston, West Virginia 25301

    Brian L. Ooten, Esq.
    Richard W. Walters
    Shaffer & Shaffer, PLLC
    330 State Street
    P.O. Box 38
    Madison, West Virginia 25130

NOTICE IS HEREBY GIVEN to you in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 that defendant Bayer CropScience LP ("BCS"), incorrectly identified in the Complaint as Bayer CropScience, LP, hereby removes this action to the United States District Court for the Southern District of West Virginia on the following grounds:

4819-0220-2242.v1

I. **BACKGROUND.**

1. On May 3, 2018, the plaintiff, Donald G. Dalton, filed this action against BCS and others in the Circuit Court of Kanawha County, West Virginia, styled *Donald G. Dalton v. Dow Chemical Corporation, et al.*, Civil Action No. 18-C-611. A copy of the docket sheet, pleadings and other documents filed in the Circuit Court of Kanawha County are attached hereto as Exhibit A.

2. In addition to BCS, the original named defendants were The Dow Chemical Company; Union Carbide Corporation; Bayer CropScience Holding, Inc.; Bayer CropScience, Inc.; Bayer CropScience, LLC; Austin Industrial Specialty Services, Inc.; Catalyst Refiners, Inc.; Reagent Chemical & Research, Inc.; Praxair, Inc.; and Jack Agosti, an individual.

3. At the time the Complaint was filed, the matter was not removable for multiple reasons.

4. First, pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Count II of the Complaint asserted a workers' compensation discrimination claim pursuant to Section 23-5A-1 of the West Virginia Code against defendant Austin Industrial Specialty Services, Inc. It has been repeatedly held that "a claim of retaliatory discharge, made pursuant to W.Va. Code § 23-5A-1, is one that arises under the workers' compensation laws of West Virginia and is thus barred from removal to a federal district court by 28 U.S.C. § 1445(c)." *Husk v. E.I. Du Pont De Nemours and Co.*, 842 F. Supp. 895, 896 (S.D.W. Va. 1994); *see also Thomas v. Kroger Co.*, 583 F. Supp. 1031, 1037 (S.D.W. Va.1984). Moreover, while 28 U.S.C. § 1441(c) provides that if a civil action also contains a separate and independent federal question claim, the action may be removed and the nonremovable claim

thereafter severed, there is no such separate and independent federal question claim in this case. As such, 28 U.S.C. § 1445(c) prohibited removal of this action as originally filed.

5. Next, aside from 28 U.S.C. § 1445(c), removal would also have been prohibited by the forum-defendant rule of 28 U.S.C. § 1441(b)(2). It states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The plaintiff is a citizen of Ohio and although complete diversity would exist, because defendant Jack Agosti was a West Virginia resident, the forum-defendant rule of 28 U.S.C. § 1441(b)(2) would have also prohibited removal.

6. On or around July 26, 2018, the plaintiff voluntarily dismissed his claims against defendant Catalyst Refiners, Inc. On or around August 7, 2018, the plaintiff voluntarily dismissed his claims against defendants Bayer CropScience Holding, Inc.; Bayer CropScience, Inc.; and Bayer CropScience, LLC. On or around August 9, 2018, the plaintiff voluntarily dismissed his claims against defendant Praxair, Inc. On or around October 31, 2018, the plaintiff voluntarily dismissed his claims against defendant Reagent Chemical & Research, Inc.

7. On November 7, 2018, BCS, via its counsel of record, received a copy of the entered Joint Stipulation and Order of Dismissal whereby the plaintiff voluntarily dismissed his claims against defendant Jack Agosti. [Ex. B]. The same day, BCS, via its counsel of record, also received a copy of the entered Joint Stipulation and Order of Dismissal whereby the plaintiff agreed to the dismissal of his claims against defendant Austin Industrial Specialty Services, Inc. This left BCS, The Dow Chemical Company ("Dow"), and Union Carbide Corporation ("Union Carbide") as the remaining party defendants. [Ex. C].

8. 28 U.S.C. § 1446(b)(3) states, in relevant part, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

9. As stated above, this case was not removable prior to the plaintiff's voluntary dismissal of the claims against defendants Austin Industrial Specialty Services, Inc. and Jack Agosti. This Notice of Removal is filed within thirty (30) days of Bayer receiving a copy the order dismissing those claims.

10. Pursuant to the provisions of 28 U.S.C. § 1446(c), this action is being removed less than one (1) year after the commencement of the action.

11. Pursuant to 28 U.S.C. § 1446(b)(2)(A), defendants Dow Chemical Company and Union Carbide Corporation consent to this removal.

12. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

II. **DIVERSITY OF CITIZENSHIP.**

    A. **Plaintiff is a citizen of Ohio.**

13. The plaintiff is a citizen of Ohio. [Compl. ¶1].

    B. **BCS, Dow, and Union Carbide Are Not Citizens of Either Ohio or the Forum State.**

14. Dow is a Delaware corporation with its principal places of business in Michigan. Accordingly, for purposes of diversity jurisdiction, Dow is a citizen of Delaware and Michigan.

15. Union Carbide is a New York corporation with its principal place of business in Texas. Accordingly, for purposes of diversity jurisdiction, Union Carbide is a citizen of New York and Texas.

16. BCS is a limited partnership. For the purposes of diversity jurisdiction, a limited partnership is deemed to be a citizen of each state in which its partners, both general and limited, reside. *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990).

17. There are seven partners in BCS, five of which are corporations. The five corporate partners are Bayer CropScience Inc., a New York corporation with its principal place of business in Missouri; Bayer CropScience Holding Inc., a Delaware corporation with its principal place of business in Missouri; AgraQuest, Inc. a Delaware corporation with its principal place of business in Missouri; Hornbeck Seed Company, Inc. an Arkansas corporation with its principal places of business in Missouri; and Athenix Corp. a North Carolina corporation with its principal place of business in Missouri.

18. The sixth partner of BCS is Bayer CropScience LLC. Because Bayer CropScience LLC is a limited liability company, its citizenship is determined by its members. *See Gen. Tech. Applications, Inc. v. Exro LTDA*, 388 F.3d 114, 121 (4th Cir. 2004). The sole member of Bayer CropScience LLC is Bayer Corporation, an Indiana corporation with its principal place of business in New Jersey.

19. The seventh partner of BCS is Bayer Seeds B.V., a Dutch private limited liability company. Its sole member is Bayer World Investments B.V., which in turn is solely owned by Bayer AG, a German corporation with its principal place of business in Germany.

20. As a result, for purposes of diversity jurisdiction, BCS is considered a citizen of New York, North Carolina, Delaware, Missouri, Arkansas, Indiana, New Jersey, and Germany.

21. Accordingly, diversity jurisdiction exists under 28 U.S.C. § 1332.

### III. AMOUNT IN CONTROVERSY

22. The amount in controversy in this action, exclusive of interest and costs, is in excess of the Seventy-Five Thousand Dollar ($75,000) jurisdictional minimum.

23. In the Complaint, the plaintiff asserts both personal injury and employment related claims. The plaintiff alleges that on May 4, 2016, he suffered "severe injuries . . . including, but not limited to, broken ribs and a closed head injury" when load fell from a dolly on top of him, causing the plaintiff and the load to fall down stairs. [*See* Compl. ¶¶24-25]. Count I of the Complaint asserts a negligence claim with respect to these personal injuries, seeking to recover damges for medical expenses, lost wages, and loss of enjoyment of life.

24. Count V of the Complaint asserts a claim under the West Virginia Human Rights Act. It alleges that BCS, Dow, and Union Carbide aided, abetted, incited, compelled and/or coerced Austin Industrial Specialty Services, Inc. to unlawfully discriminate against the plaintiff based upon a disability and his age, resulting in the plaintiff's termination in July 2016. [*Id.* ¶¶33-34, 66-68]. The Complaint alleges the plaintiff has, as a result, lost past and future income and benefits, and has suffered and will continue to suffer humiliation, embarrassment, mental and emotional distress. [*Id.* ¶69].

25. The Complaint also seeks an award of attorneys' fees and costs. [*Id.*]. It is well established that "when a right to attorney fees is provided by contract or state statute, the court may consider attorney fees as part of the amount in controversy." *McGraw v. Discover Financial Services, Inc.,* No. 2:05cv0215, 2005 WL 1785259 at *5 (S.D.W. Va. July 26, 2005). Because

the West Virginia Human Rights Act provides for an award of attorneys' fees and costs, *see* W.Va. Code § 5-11-13(c), the same can be properly included in the amount-in-controversy calculation.

26. Furthermore, the Complaint also seeks an award of punitive damages. [*Id.* at p.13].

27. Given the nature and multitude of the damages sought, the amount-in-controversy is clearly in excess of the Seventy-Five Thousand Dollar ($75,000) jurisdictional minimum.

28. Accordingly, the state court action may be removed to this Court by BCS because it is an action between citizens of different states and the amount in controversy exceeds the Seventy-Five Thousand Dollar ($75,000) jurisdictional minimum, exclusive of interest and costs.

29. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to the plaintiff's counsel, and is being filed with the Circuit Court of Kanawha County, West Virginia.

WHEREFORE, Bayer CropScience LP hereby removes the above-captioned action from the Circuit Court of Kanawha County, West Virginia and request that further proceedings be conducted in this Court as provided by law.

Respectfully submitted this 6th day of December, 2018.

**BAYER CROPSCIENCE LP**

**By Counsel**

/s/Jonathan L. Anderson
Albert F. Sebok (WVSB #4722)
asebok@jacksonkelly.com
Jonathan L. Anderson (WVSB #9628)
jlanderson@jacksonkelly.com
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
P. O. Box 553
Charleston, WV  25322
T: (304) 340-1000
F: (304) 340-1050

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Charleston Division

DONALD G. DALTON

    Plaintiff,

v.                                                          Case No. 2:18-cv-01494

THE DOW CHEMICAL CORPORATION;
UNION CARBIDE CORPORATION; and
BAYER CROPSCIENCE LP,

    Defendants.

## CERTIFICATE OF SERVICE

I, Jonathan L. Anderson, hereby certify that I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system this 6th day of December, 2018, which will send notification of such filing to the following CM/ECF participants:

Brian L. Ooten
booten@shafferlaw.net
Richard W. Walters
rwalters@shafferlaw.net
SHAFFER & SHAFFER, PLLC
330 State Street
Madison, WV 25130
*Counsel for Plaintiff*

Jeffrey M. Wakefield
jwakefield@flahertylegal.com
Wesley P. Page
wpage@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
Charleston, WV 25301
*Counsel for The Dow Chemical Company and Union Carbide Corporation*

/s/ Jonathan L. Anderson
Jonathan L. Anderson (WVSB #9268)