```
CASE  18-C-611        KANAWHA                              PAGE      1

DONALD G. DALTON           vs. DOW CHEMICAL COMPANY


LINE   DATE    ACTION

    1 05/03/18  # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 20 CPYS; F FEE; RCPT
    2           # 561449; $365.00
    3 06/15/18  # LET FR SS DTD 6/11/18; SUM W/RET (6/11/18 SS) AS TO CATALYST
    4           # REFINERS INC
    5 06/15/18  # LET FR SS DTD 6/11/18; SUM W/RET (6/11/18 SS) AS TO REAGENT
    6           # CHEMICAL & RESEARCH INC
    7 06/15/18  # LET FR SS DTD 6/11/18; SUM W/RET (6/11/18 SS) AS TO PRAXAIR
    8           # INC
    9 06/15/18  # LET FR SS DTD 6/11/18; SUM W/RET (6/11/18 SS) AS TO AUSTIN
   10           # INDUSTRIAL SPECIALTY SERVICES
   11 06/15/18  # LET FR SS DTD 6/11/18; SUM W/RET (6/11/18 SS) AS TO BAYER
   12           # CROPSCIENCE, LLC
   13 06/15/18  # LET FR SS DTD 6/11/18; SUM W/RET (6/11/18 SS) AS TO BAYER
   14           # CROPSCIENCE, INC
   15 06/15/18  # LET FR SS DTD 6/11/18; SUM W/RET (6/11/18 SS) AS TO BAYER
   16           # CROPSCIENCE HOLDING INC
   17 06/15/18  # LET FR SS DTD 6/11/18; SUM W/RET (6/11/18 SS) AS TO BAYER
   18           # CROPSCIENCE, LP
   19 06/15/18  # LET FR SS DTD 6/11/18; SUM W/RET (6/11/18 SS) AS TO UNION
   20           # CARBIDE CORP.
   21 06/15/18  # LET FR SS DTD 6/11/18; SUM W/RET (6/11/18 SS) AS TO DOW
   22           # CHEMICAL CO.
   23 07/05/18  # STIP W/COS
   24 07/13/18  # STIP ENLARGING TIME TO ANS OR OTHERWISE RESPOND TO C W/COS
   25 07/25/18  @ AMD STIP W/COS
   26 07/30/18  @ NOT OF DISMISSAL OF CATALYST REFINERS INC
   27 07/30/18  # NOT OF APPEARANCE W/COS
   28 07/30/18  # STIP TO EXT TIME TO ANS C
   29 08/01/18  LF O MLD TO B.OOTEN AND C.HILL (S7/31)
   30 07/31/18  LK O: DISMISSAL O AS TO CATALYST REFINERS, INC S/KAU
   31 08/09/18  # STIP TO DIS D, PRAXAIR, INC
   32 08/09/18  # NOT OF DISMISSAL AS TO BAYER CROPSCIENCE HOLDING., INC., BAYER
   33           # CROPSCIENCE, INC., & BAYER CROPSCIENCE, LLC W/COS
   34 08/10/18  - ORDER MLD TO B. OOTEN, J. WAKEFIELD, G. BAILEY II; 8/9/18; LT
   35 08/09/18  LK O:VOLUNTARY DISMISSAL AS TO PRAXAIR, INC S/KAU
   36 08/13/18  # CASE INFO SHEET; ANS OF DOW CHEMICAL CO. & UNION CARBIDE
   37           # CORP. W/COS
   38 08/13/18  # CASE INFO SHEET; ANS OF BAYER CROPSCIENCE, LP W/COS
   39 09/04/18  @ REAGENT CHEMICAL & RESEARCH INC'S MEMO IN SUPP OF IT'S MOT
   40           TO DISMISS W/COS
   41 09/04/18  @ REAGENT CHEMICAL & RESEARCH INC'S MOT TO DISMISS FOR FAILURE
   42           TO STATE CLAIM W/COS
   43 09/04/18  @ REAGENT CHEMICAL & RESEARCH INC'S MOT TO DISMISS FOR FAILURE T
   44           TO STATE CLAIM W/COS
   45 09/04/18  @ REAGENT CHEMICAL & RESEARCH INC'S MEMO IN SUPP OF IT'S MOT TO
   46           DISMISS W/COS
   47 10/01/18  # NOT OF HRG W/COS (10/15/18 @ 8:30 AM)
   48 11/01/18  @ AGREED STIP OF DISMISSAL OF REAGENT CHEMICAL & RESEARCH,INC
   49 11/02/18  " O MAILED TO SEBOK, BAILEY, OOTEN & WAKEFIELD (S10/31)
   50 10/31/18  FINAL ORDER ENTERED
   51 11/02/18  " 2 O'S MAILED TO BAILEY, OOTEN, LEONARD, WEBER, BERGSTROM,
   52           " WAKEFIELD, PAGE & SEBOK (S11/2)
   53 11/02/18  LK O: DISMISSAL O AS TO AUSTIN INDUSTRIAL SPECIALTY
   54           LK SERVICES INC S/KAU
```

A TRUE COPY
TESTE: _Cathy S. Gatson_ /c   CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

```
CASE  18-C-611        KANAWHA                          PAGE    2

DONALD G. DALTON              vs. DOW CHEMICAL COMPANY


LINE   DATE   ACTION

 55 11/02/18  LK O: DISMISSAL O AS TO JACK AGOSTI S/KAU
```

# S U M M O N S

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**DONALD G. DALTON**

       **PLAINTIFF,**

**v.**                                                                      CIVIL ACTION NO: 18·C·611

**THE DOW CHEMICAL COMPANY;**
**UNION CARBIDE CORPORATION;**
**BAYER CROPSCIENCE, LP;**
**BAYER CROPSCIENCE HOLDING, INC;**
**BAYER CROPSCIENCE, INC;**
**BAYER CROPSICENCE, LLC;**
**AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC;**
**CATALYST REFINERS, INC;**
**REAGENT CHEMICAL & RESEARCH, INC; and**
**PRAXAIR, INC.,**

       **DEFENDANTS.**

**TO THE ABOVE-NAMED DEFENDANT(S):**     Bayer Cropscience, Inc.
c/o Corporation Service Company
209 West Washington Street
Charleston, WV 25302

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon **Brian L. Ooten** plaintiff's attorney, whose address is **P. O. BOX 38, MADISON, WEST VIRGINIA 25130,** an answer including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from

asserting in another action any claim you may have which must be asserted by counterclaim in the

above style civil action.

Dated: __5/3/18__

                                   **Cathy S. Gatson, Clerk**
                                        Clerk of Court

By __C Atkins__
                                      Deputy

May. 4. 2018  3:20PM    KANAWHA CO. CIRCUIT CLERK                    No. 0212   P. 2

IN THE CIRCUIT COURT OF _____KANAWHA_____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Plaintiff(s)
DONALD G. DALTON

Case No. 18·C·611

Judge: Kaufman

FILED 2018 MAY -3

vs.

Defendant(s)

THE DOW CHEMICAL COMPANY, et als

Days to Answer: 30

Type of Service
W.V. Secretary of State

Name
c/o C T Corporation System, 5400 D Big Tyler Rd.

Street Address
Charleston, WV  25313

City, State, Zip Code

**II. TYPE OF CASE:**

- [ ] General Civil
- [ ] Mass Litigation [As defined in T.C.R. 26.04(a)]
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [X] Other:  Personal Injury & Employment

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [X] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 11 / 2019

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [X] No

IF YES, PLEASE SPECIFY:
- [ ] Wheelchair accessible hearing room and other facilities
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name:  Brian L. Ooten, WVSB #9358

Firm:  Shaffer & Shaffer, PLLC

Address: 330 State Street (P.O. Box 38), Madison, WV    25130

Telephone:  304-369-0511

Representing:
- [X] Plaintiff     [ ] Defendant
- [ ] Cross-Defendant   [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff  [ ] 3rd-Party Defendant

[ ] Proceeding Without an Attorney

Original and  1  copies of complaint enclosed/attached.

Dated: 05 / 05 / 2018    Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)

May. 4. 2018  3:21PM    KANAWHA CO. CIRCUIT CLERK                No. 0212   P. 3

Plaintiff:   Donald G. Dalton                     Case Number: _____
vs.
Defendant:   The Dow Chemical Company, et als

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Union Carbide Corporation
Defendant's Name
c/o CT Corporation System                Days to Answer:  30
Street Address
5400 D Big Tyler Rd, Charleston, WV      Type of Service:  W.V. Secretary of State
City, State, Zip Code        25313

Bayer Cropscience, LP
Defendant's Name
c/o Corporation Service Company          Days to Answer:  30
Street Address
209 W. Washington St., Charleston, WV    Type of Service:  W.V. Secretary of State
City, State, Zip Code        25302

Bayer Cropscience Holding, Inc.
Defendant's Name
c/o Corporation Service Company          Days to Answer:  30
Street Address
209 W. Washington St., Charleston, WV    Type of Service:  W.V. Secretary of State
City, State, Zip Code        25302

Bayer Cropscience, Inc.
Defendant's Name
c/o Corporation Service Company          Days to Answer:  30
Street Address
209 W. Washington St., Charleston, WV    Type of Service:  W.V. Secretary of State
City, State, Zip Code        25302

Bayer Cropscience, LLC
Defendant's Name
c/o Corporation Service Company          Days to Answer:  30
Street Address
209 W. Washington St., Charleston, WV    Type of Service:  W.V. Secretary of State
City, State, Zip Code        25302

Austin Industrial Specialty Services, Inc.
Defendant's Name
c/o Corporation Service Company          Days to Answer:  30
Street Address
209 W. Washington St., Charleston, WV    Type of Service:  W.V. Secretary of State
City, State, Zip Code        25302

Catalyst Refiners, Inc.
Defendant's Name
c/o CT Corporation System                Days to Answer:  30
Street Address
5400 D.Big Tyler Rd., Charleston, WV     Type of Service:  W.V. Secretary of State
City, State, Zip Code        25313

SCA-C-100: Civil Case Information Statement-Defendant(s) Continuation Page        Revision Date: 12/2015

May. 4. 2018  3:21PM   KANAWHA CO. CIRCUIT CLERK           No. 0212   P. 4

Plaintiff: Donald G. Dalton                    Case Number: _____
vs.
Defendant: The Dow Chemical Company, et als

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Reagent Chemical & Research, Inc.
**Defendant's Name**
c/o CT Corporation System                 Days to Answer: 30

**Street Address**
5400 D Big Tyler Rd., Charleston, WV       Type of Service: W.V. Secretary of State
**City, State, Zip Code**          25313

Praxair, Inc.
**Defendant's Name**
c/o Lisa McCarroll                        Days to Answer: 30

**Street Address**
39 Old Ridgebury Rd., Danbury, CT  06810   Type of Service: W.V. Secretary of State
**City, State, Zip Code**

**Defendant's Name**
_____                  Days to Answer: _____

**Street Address**
_____                  Type of Service: _____
**City, State, Zip Code**

**Defendant's Name**
_____                  Days to Answer: _____

**Street Address**
_____                  Type of Service: _____
**City, State, Zip Code**

**Defendant's Name**
_____                  Days to Answer: _____

**Street Address**
_____                  Type of Service: _____
**City, State, Zip Code**

**Defendant's Name**
_____                  Days to Answer: _____

**Street Address**
_____                  Type of Service: _____
**City, State, Zip Code**

**Defendant's Name**
_____                  Days to Answer: _____

**Street Address**
_____                  Type of Service: _____
**City, State, Zip Code**

SCA-C-100: Civil Case Information Statement-Defendant(s) Continuation Page        Revision Date: 12/2015

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DONALD G. DALTON,

       Plaintiff,

v.                                                CIVIL ACTION NO.: 18-C-_1011_
                                                  JUDGE _Kaufman_

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORATION;
BAYER CROPSCIENCE, LP;
BAYER CROPSCIENCE HOLDING, INC;
BAYER CROPSCIENCE, INC;
BAYER CROPSCIENCE, LLC;
AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC;
CATALYST REFINERS, INC;
REAGENT CHEMICAL & RESEARCH, INC;
PRAXAIR, INC.; and,
JACK AUGUSTA, Individually.

       Defendants.

## COMPLAINT

Comes now the plaintiff, Donald G. Dalton, by and through counsel, Brian L. Ooten, Richard W. Walters, and the law firm of Shaffer & Shaffer, PLLC, and for his Complaint against the defendants, states and alleges as follows:

### PARTIES

1.    Plaintiff, Donald G. Dalton, at all relevant times herein, is and was, a citizen and resident of Ironton, Lawrence County, Ohio.

2.    Defendant, The Dow Chemical Company (hereinafter "Dow" or "defendant"), is and was a Delaware corporation, authorized to conduct business in West Virginia, including Kanawha County, and was actually conducting business in Kanawha County, West Virginia, at all relevant times herein.

3.      Defendant, Union Carbide Corporation (hereinafter "Union Carbide" or "defendant"), is and was a New York corporation, authorized to conduct business in West Virginia, including Kanawha County, and was actually conducting business in Kanawha County, West Virginia, at all relevant times herein.

4.      Defendant, Bayer Cropscience, LP, is and was a Delaware corporation, authorized to conduct business in West Virginia, including Kanawha County, and was actually conducting business in Kanawha County, West Virginia, at all relevant times herein.

5.      Defendant, Bayer Cropscience Holding, Inc., is and was a wholly owned subsidiary of Bayer Cropscience, LP and, upon information and belief, was conducting business in Kanawha County, West Virginia, at all relevant times herein.

6.      Defendant, Bayer Cropscience, Inc., is and was a wholly owned subsidiary of Bayer Cropscience, LP and, upon information and belief, was conducting business in Kanawha County, West Virginia, at all relevant times herein.

7.      Defendant, Bayer Cropscience, LLC, is and was a wholly owned subsidiary of Bayer Cropscience, LP and, upon information and belief, was conducting business in Kanawha County, West Virginia, at all relevant times herein.

8.      Defendants Bayer Cropscience, LP; Bayer Cropscience Holding, Inc.; Bayer Cropscience, Inc.; and, Bayer Cropscience, LLC will be hereinafter collectively referred to as "Bayer" or "defendant".

9.      Defendant, Austin Industrial Specialty Services, Inc. (hereinafter "Austin" or "defendant"), is and was a Delaware corporation, authorized to conduct business in West

2

Virginia, including Kanawha County, and was actually conducting business in Kanawha County, West Virginia, at all relevant times herein.

10.     Defendant, Catalyst Refiners, Inc. (hereinafter "Catalyst" or "defendant"), is and was a Delaware corporation, authorized to conduct business in West Virginia, including Kanawha County, and, upon information and belief, was actually conducting business in Kanawha County, West Virginia, at all relevant times herein.

11.     Defendant, Reagent Chemical & Research, Inc. (hereinafter "Reagent" or "defendant"), is and was a Delaware corporation, authorized to conduct business in West Virginia, including Kanawha County, and, upon information and belief, was actually conducting business in Kanawha County, West Virginia, at all relevant times herein.

12.     Defendant, Praxair, Inc. (hereinafter "Praxair" or "defendant"), is and was a Delaware corporation, authorized to conduct business in West Virginia, including Kanawha County, and, upon information and belief, was actually conducting business in Kanawha County, West Virginia, at all relevant times herein.

13.     Upon information and belief, Defendant Jack Augusta is and was, at all relevant times herein, a citizen and resident of Huntington, Cabell County, West Virginia.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction and venue over this action because (1) the events complained of herein occurred in Kanawha County, West Virginia (2) defendants conduct business in various counties in the State of West Virginia, including Kanawha County (3) At least some of the defendants maintain local offices in Kanawha County, West Virginia and (4) Defendant Augusta is a West Virginia resident.

3

## FACTUAL BACKGROUND

15.     At all relevant times herein, plaintiff, Donald G. Dalton, was employed by Defendant Austin as an A-mechanic at the chemical plant located in Institute, Kanawha County, West Virginia (hereinafter "the plant"), which, upon information and belief, is owned and operated by Defendant Union Carbide, a wholly owned subsidiary of Defendant Dow, as of April 2015.

16.     Prior to April 2015, the plant was owned and operated, in whole or in part, by Defendant Bayer.

17.     Upon information and belief, as part of the terms of the sale of the plant by Bayer to Defendant Union Carbide, there was a phased turnover of the plant wherein Bayer maintained a presence at, employees and control over the day to day operations at the plant until sometime in 2016 when Defendants Dow and Union Carbide took over full operation of the plant.

18.     Upon information and belief, at the time of the events complained of herein, Defendants Catalyst, Reagent and Praxair were tenants at the plant and, by and through its employees, conducted operations, shared control and was otherwise responsible for functions at the plant that relate to the incidents complained of herein.

19.     Defendants Catalyst, Reagent and Praxair will be hereinafter referred to as "The Tenant Defendants" or "defendants".

20.     Upon information and belief, Defendant Austin provided labor at the plant under a contract with Defendants Dow, Union Carbide and/or Bayer.

21.     On or about May 4, 2016, Plaintiff Dalton was working in the area of the plant known as the "Larvin Unit", where he inspected and repaired scaffolds.

4

22.    While working in the "Larvin Unit", plaintiff was told that he was needed in Building 70 to provide hand signals to the fork truck driver.

23.    On his way to Building 70, Plaintiff Dalton was asked by an employee of Defendant Dow, Union Carbide and/or Bayer to help move computer carts and/or filing cabinets down a set of steps.

24.    The two men were moving a computer cart or filing cabinet down the above mentioned steps by utilizing a dolly.  The Dow, Union Carbide and/or Bayer employee was above the load holding the dolly and Plaintiff Dalton below the load to provide support underneath.

25.    When the two men were approximately six to seven (6-7) steps down out of approximately twenty (20) steps, the Dow, Union Carbide and/or Bayer employee let go of or otherwise lost control of the dolly and dropped the load on top of Plaintiff Dalton, causing both Plaintiff Dalton and the load to fall down the remaining steps and onto the floor and wall, causing severe injuries to Plaintiff Dalton, including, but not limited to, broken ribs and a closed head injury.

26.    Plaintiff Dalton attempted to jump out of the way of the falling load, but was unable to do so.

27.    As a result of the incident described above, plaintiff filed a workers' compensation claim with Defendant Austin.

28.    As a result of his injuries from the subject incident, plaintiff was placed on workers' compensation leave by his physician.

5

29.     Plaintiff was released to return to light duty work on or about the middle of June, 2016.

30.     Prior to his release to return to work, Defendant Austin told plaintiff that no light duty was available at the plant.

31.     Defendant Austin later retracted that statement and informed plaintiff that light duty was available at the plant.

32.     Plaintiff returned to the plant after being released to light duty per the instructions of his employer, Defendant Austin, but when he arrived at the plant, was told by an employee of Defendants Dow, Union Carbide, Bayer or the Tenant Defendants that he was not allowed in the plant and no light duty was available.

33.     On or about July 29, 2016, plaintiff was informed by Austin site supervisor, Jack Augusta, that his employment at the plant was being terminated because he failed to follow protocol and "get on the permit" for the above described incident in which the plaintiff was injured.

34.     Upon information and belief, the decision to terminate plaintiff's employment at the plant was influenced, in part, by Defendants Dow, Union Carbide, Bayer and/or the Tenant Defendants.

35.     At the time of his termination, Plaintiff Dalton was 59 years old.

36.     The plaintiff's age was a factor in defendants' decision to terminate plaintiff's employment.

37.     When plaintiff was terminated, plaintiff lost his job while other younger, less qualified and less experienced employees were kept.

6

38.    Defendants Austin and Augusta refused to allow Plaintiff to perform available light duty work and never offered to reinstate plaintiff or place him in a comparable position once he had been released to return to work.

39.    Defendants' terminated plaintiff's employment at the plant in violation of the West Virginia Workers' Compensation Act and the West Virginia Human Rights Act as their stated reason for plaintiff's termination was pretextual.

40.    At all times relevant herein, Defendants Dow, Union Carbide, Bayer and the Tenant Defendants were engaged in a joint venture for profit or other mutual benefits.

41.    At all times relevant herein, Defendants Dow, Union Carbide, Bayer and the Tenant Defendants were also engaged in a joint enterprise for mutual benefits.

42.    At all times relevant herein, in further of the joint venture and/or joint enterprise existing between Defendants Dow, Union Carbide, Bayer and the Tenant Defendants, upon information and belief these defendants exercised a common right to control, which included the right to operate, maintain and make business decisions relative to the day-to-day activities at the plant.

43.    The relationship of Defendants Dow, Union Carbide, Bayer and the Tenant Defendants as described herein being in furtherance of a common enterprise, business pursuit, or joint venture for profit, the activities associated therewith being abnormally dangerous, and as such, involved various non-delegable duties associated with the care, and other lawful requirements set forth pertaining to the safety of persons working at the plant, including Plaintiff Dalton.

7

44.     At all relevant times herein, Defendants Dow, Union Carbide, Bayer and the Tenant Defendants are liable for the negligence of their respective supervisors, employees and agents through the doctrine of *respondeat superior*.

## COUNT I - NEGLIGENCE
### (Defendants Dow, Union Carbide, Bayer and the Tenant Defendants)

45.     Plaintiff adopts and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

46.     Defendants Dow, Union Carbide, Bayer and the Tenant Defendants, as owners and/or operators of the plant were under a duty to ensure that employees under their supervision and control conducted work related activities in a prudent and safe manner, including, but not limited to, the duty to follow all applicable safety regulations, laws and industry standards so as to minimize the risk of serious injuries or death to individuals working at the plant, including Donald G. Dalton.

47.     Defendants Dow, Union Carbide, Bayer and the Tenant Defendants further had a duty to provide a safe workplace pursuant to *West Virginia Code § 21-3-1*, among other statutes, regulations and industry standards that require a safe workplace and that employees under their control conducted work related activities in a prudent and safe manner so as to minimize the risk of serious injuries or death to individuals working at the plant, including Donald G. Dalton.

48.     On the above date, Defendants Dow, Union Carbide, Bayer and/or the Tenant Defendants breached the duty of care they owed to the plaintiff when its employee who, upon information and belief, was under their supervision and control, failed to exercise due care in moving the computer carts and/or filing cabinets as described above and failed to take adequate

8

precautions or use the necessary equipment and/or techniques to ensure the load was moved safely and did not fall on the plaintiff and cause him injury.

49.     By breaching the duties owed to the plaintiff and others working at the plant, as discussed above, Defendants Dow, Union Carbide, Bayer and the Tenant Defendants exhibited a reckless disregard for the safety of the plaintiff and others working at the plant.

50.     As a direct and proximate result of Defendants Dow, Union Carbide, Bayer and the Tenant Defendants' conduct as described herein, plaintiff suffered severe and permanent injuries to various parts of his body including, but not limited to, broken ribs and a closed head injury.  Additionally, plaintiff suffered other injuries which have resulted in great pain and suffering to mind and body. He has endured medical procedures, medications and incurred medical expenses, lost wages and loss of enjoyment of life and will continue to suffer these damages in the future.

## COUNT II – VIOLATION OF THE WEST VIRGINIA WORKERS' COMPENSATION ACT
### (Defendant Austin)

51.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

52.     Pursuant to West Virginia Code § 23-5A-1 an employer may not discriminate in any manner against any of his present or former employees because of such present or former employee's receipt of or attempt to receive benefits pursuant to the West Virginia Workers' Compensation Act.

9

53.    Defendant Austin violated West Virginia Code §§ 23-5A-1 by terminating plaintiff's employment at the plant when work he could perform was available, due to his previous receipt of benefits pursuant to the West Virginia Workers' Compensation Act.

54.    As a direct and proximate result of the Defendant Austin's conduct in violation of West Virginia Code §§ 23-5A-1 plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

### COUNT III – VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT
(Disability Discrimination – Defendant Austin)

55.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

56.    Pursuant to West Virginia Code § 5-11-9 it is an unlawful discriminatory practice for an employer to discriminate against an employee based upon a disability either real or perceived.

57.    West Virginia Code § 5-11-9 states that: "It shall be an unlawful discriminatory practice...[f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or disabled..."

58.    Defendant Austin violated West Virginia Code § 5-11-9 by terminating plaintiff's employment because of a disability either real or perceived.

59.    As a direct and proximate result of the Defendant Austin's illegal conduct in violation of West Virginia Code § 5-11-9, plaintiff has lost and will continue to lose income and

10

benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

## COUNT IV – VIOLATION OF THE WEST VIRGINIA
## HUMAN RIGHTS ACT
### (Age Discrimination – Defendant Austin)

60.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

61.    Pursuant to West Virginia Code § 5-11-9 it is an unlawful discriminatory practice for an employer to discriminate against an employee based upon his age.

62.    West Virginia Code § 5-11-9 states that: "It shall be an unlawful discriminatory practice...[f]or any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required ..."

63.    Defendant Austin violated West Virginia Code § 5-11-9 by terminating plaintiff's employment because of his age.

64.    As a direct and proximate result of the Defendant Austin's illegal conduct in violation of West Virginia Code § 5-11-9, plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

11

## COUNT V – VIOLATION OF THE WEST VIRGINIA
## HUMAN RIGHTS ACT
### (Defendants Augusta, Dow, Union Carbide, Bayer and the Tenant Defendants)

65.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

66.     Pursuant to West Virginia Code § 5-11-9 it is an unlawful discriminatory practice for an employer to discriminate against an employee based upon a disability either real or perceived or discriminate against an employee because of his age.

67.     West Virginia Code § 5-11-9(7)(A) states that it is unlawful for any person to: "Engage in any form of threats or reprisal, or to engage in, or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass or cause physical harm or economic loss or to aid, abet, incite, compel or coerce any person to engage in any of the unlawful discriminatory practices defined in this section."

68.     Defendants Augusta, Dow, Union Carbide, Bayer and the Tenant Defendants aided, abetted, incited, compelled and/or coerced Defendant Austin to engage in the unlawful discriminatory conduct described herein.

69.     As a direct and proximate result of Defendants Augusta, Dow, Union Carbide, Bayer and the Tenant Defendants' illegal conduct in violation of West Virginia Code § 5-11-9, plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and loss of personal dignity.

### PRAYER

WHEREFORE, the plaintiff, Donald G. Dalton, demands judgment from and against Defendants Dow, Union Carbide, Bayer and the Tenant Defendants, as follows:

12

    a.      Medical expenses, past and future;

    b.      Pain and suffering, past and future;

    c.      Lost wages and lost earnings capacity, past and future;

    d.      Loss of the ability to enjoy life, past and future;

    e.      Emotional distress and mental anguish, past and future;

    f.      Annoyance and inconvenience, past and future;

    g.      Scarring and disfigurement;

    h.      Attorney's fees, costs and expenses associated with prosecuting this action;

    i.      Punitive damages;

    j.      Pre-judgment and post-judgment interest; and,

    k.      Any other relief to which the plaintiff appears to be entitled.

**WHEREFORE,** the plaintiff, Donald G. Dalton, also demands judgment from and against all named defendants herein, as follows:

    a.      Compensatory damages, including lost wages and benefits;

    b.      Front pay;

    c.      Emotional distress damages;

    d.      Punitive damages;

    e.      Attorney fees and costs;

    f.      Prejudgment and post-judgment interest; and

    g.      Any other relief to which the plaintiff appears to be entitled.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE.**

**DONALD G. DALTON,**
**Plaintiff,**

By Counsel

Brian L. Ooten (WVSB #9358)
Richard W. Walters (WVSB #6809)
SHAFFER & SHAFFER, PLLC
330 State Street
P. O. Box 38
Madison, West Virginia 25130
Phone: (304) 369-0511
Fax: (304) 369-5431

14

CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 25311   $ 006.58
02 4W
0000336734 JUN 12 2018

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**DONALD G. DALTON**

        **PLAINTIFF,**

**V.**                                          **CIVIL ACTION NO. 18-C-611**

**THE DOW CHEMICAL COMPANY;**
**UNION CARBIDE CORPORATION;**
**BAYER CROPSCIENCE, LP;**
**BAYER CROPSCIENCE HOLDING, INC.;**
**BAYER CROPSCIENCE, INC.;**
**BAYER CROPSCIENCE, LLC;**
**AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC.;**
**CATALYST REFINERS, INC.;**
**REAGENT CHEMICAL & RESEARCH, INC.; and**
**PRAXAIR, INC.**

        **DEFENDANTS.**

## STIPULATION

Pursuant to the provisions of Rule 6(b) of the West Virginia Rules of Civil Procedure and West Virginia Trial Court Rule 20.01, Plaintiff and Defendants named in the Complaint as Bayer Cropscience, LP, Bayer Cropscience Holding, Inc., Bayer Cropscience, Inc., and Bayer Cropscience, LLC, (hereinafter collectively referred to as "Bayer Cropscience"), by their respective counsel, have stipulated and agreed that the deadline for Bayer Cropscience to answer or otherwise respond to Plaintiff's Complaint is hereby enlarged and extended up to and including July 31, 2018.

Dated this 3rd day of July, 2018.

_Brian Otten by a.J.S. pc_

Brian L. Ooten (WVSB #9358) _authorization given by M. Ooten_
Richard W. Walters (WVSB #6809)
SHAFFER & SHAFFER, PLLC
330 State Street
Madison, WV 25130
(304) 369-0511
*Counsel for Plaintiff*

_Albert J. Seb_

Albert F. Sebok (WVSB #4722)
JACKSON KELLY, PLLC
500 Lee Street East, Suite 1600
Charleston, WV 25301
(304) 340-1104
*Counsel for Bayer Cropscience, LP, Bayer Cropscience Holding, Inc., Bayer Cropscience, Inc., and Bayer Cropscience, LLC*

2

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**DONALD G. DALTON**

        **PLAINTIFF,**

**V.**                               **CIVIL ACTION NO. 18-C-611**

**THE DOW CHEMICAL COMPANY;**
**UNION CARBIDE CORPORATION;**
**BAYER CROPSCIENCE, LP;**
**BAYER CROPSCIENCE HOLDING, INC.;**
**BAYER CROPSCIENCE, INC.;**
**BAYER CROPSCIENCE, LLC;**
**AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC.;**
**CATALYST REFINERS, INC.;**
**REAGENT CHEMICAL & RESEARCH, INC.; and**
**PRAXAIR, INC.**

        **DEFENDANTS.**

### CERTIFICATE OF SERVICE

I, Albert F. Sebok, counsel for defendants, Bayer Cropscience, LP, Bayer Cropscience Holding, Inc., Bayer Cropscience, Inc., and Bayer Cropscience, LLC, do hereby certify that service of the foregoing *Stipulation*, was made on counsel of record by causing a true and correct copy to be placed in the United States mail, postage prepaid, addressed as follows:

Brian L. Ooten (WVSB #9358)
Richard W. Walters (WVSB #6809)
SHAFFER & SHAFFER, PLLC
330 State Street
Madison, WV 25130
*Counsel for Plaintiff*

on this 3rd day of July, 2018.

                                          _____

                                  Albert F. Sebok (WVSB # 4722)

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA *FILED*

DONALD G. DALTON,

        Plaintiff,

        2018 JUL 13  AM 11: 38

        CATHY S. GATSON, CLERK
        KANAWHA COUNTY CIRCUIT COURT

v.             CIVIL ACTION NO. 18-C-611
             (Judge Kaufman)

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORATION;
BAYER CROPSCIENCE, LP;
BAYER CROPSCIENCE HOLDING, INC.;
BAYER CROPSCIENCE, INC.;
BAYER CROPSCIENCE, LLC;
AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC.;
CATALYST REFINERS, INC.;
REAGENT CHEMICAL & RESEARCH, INC.; and
PRAXAIR, INC.,

        Defendants.

## STIPULATION ENLARGING TIME TO ANSWER
## OR OTHERWISE RESPOND TO COMPLAINT

Pursuant to the provisions of Rule 6(b) of the West Virginia Rules of Civil Procedure and West Virginia Trial Court Rule 20.01, Plaintiff and the Defendants, The Dow Chemical Company and Union Carbide Corporation, stipulation to enlarge the time within which The Dow Chemical Company and Union Carbide Corporation must answer or otherwise respond to Plaintiff's Complaint be enlarged up to and including August 10, 2018.

Dated this 11th day of July, 2018.

Brian L. Ooten, Esq. (WV Bar #9358)
Richard W. Walters, Esq. (WV Bar #6809)
Shaffer & Shaffer, PLLC
330 State Street
P.O. Box 38
Madison, WV 25130
304-369-0511
304-369-5431 fax
booten@shafferlaw.net
rwalters.@shafferlaw.net
*Counsel for Plaintiff*

Jeffrey M. Wakefield, Esq. (WV Bar #3894)
Wesley P. Page, Esq. (WV Bar #10529)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P. O. Box 3843
Charleston, WV  25301
304.345.0200
304.345.0260 fax
JWakefield@flahertylegal.com
WPage@flahertylegal.com
*Counsel for Defendants The Dow Chemical Company and Union Carbide Corporation*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA **FILED**

DONALD G. DALTON,

2018 JUL 13 AM 11: 38

**Plaintiff,**

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

v.

CIVIL ACTION NO. 18-C-611
(Judge Kaufman)

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORATION;
BAYER CROPSCIENCE, LP;
BAYER CROPSCIENCE HOLDING, INC.;
BAYER CROPSCIENCE, INC.;
BAYER CROPSCIENCE, LLC;
AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC.;
CATALYST REFINERS, INC.;
REAGENT CHEMICAL & RESEARCH, INC.; and
PRAXAIR, INC.,

**Defendants.**

## CERTIFICATE OF SERVICE

I, Jeffrey M. Wakefield, counsel for The Dow Chemical Company and Union Carbide Corporation, do hereby certify that on the 11th day of July, 2018, the foregoing "STIPULATION ENLARGING TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT" was served upon counsel of record, via regular U.S. Mail:

Brian L. Ooten, Esquire
Richard W. Walters, Esquire
Shaffer & Shaffer, PLLC
330 State Street
P.O. Box 38
Madison, WV 25130
304-369-0511
booten@shafferlaw.net
rwalters.@shafferlaw.net
*Counsel for Plaintiff*

Albert F. Sebok, Esquire
Jackson Kelly, PLLC
500 Lee Street, East, Suite 1600
Charleston, WV 25301
304-340-1104
*Counsel for Bayer Cropscience Defendants*

Jeffrey M. Wakefield, Esquire (#3894)

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED

DONALD G. DALTON

2018 JUL 25 PH 1: 08

PLAINTIFF,

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

V.

CIVIL ACTION NO. 18-C-611

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORATION;
BAYER CROPSCIENCE, LP;
BAYER CROPSCIENCE HOLDING, INC.;
BAYER CROPSCIENCE, INC.;
BAYER CROPSCIENCE, LLC;
AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC.;
CATALYST REFINERS, INC.;
REAGENT CHEMICAL & RESEARCH, INC.; and
PRAXAIR, INC.

DEFENDANTS.

## AMENDED STIPULATION

Pursuant to the provisions of Rule 6(b) of the West Virginia Rules of Civil Procedure and West Virginia Trial Court Rule 20.01, Plaintiff and Defendants named in the Complaint as Bayer Cropscience, LP, Bayer Cropscience Holding, Inc., Bayer Cropscience, Inc., and Bayer Cropscience, LLC, (hereinafter collectively referred to as "Bayer Cropscience"), by their respective counsel, have stipulated and agreed that the deadline for Bayer Cropscience to answer or otherwise respond to Plaintiff's Complaint is hereby enlarged and extended up to and including August 10, 2018.

Dated this 23rd day of July, 2018.



_Brian L. Ooten by WDs as_
Brian L. Ooten (WVSB #9358) _per authorization_
Richard W. Walters (WVSB #6809)
SHAFFER & SHAFFER, PLLC
330 State Street
Madison, WV 25130
(304) 369-0511
_Counsel for Plaintiff_

_Albert J. Sebok_
Albert F. Sebok (WVSB #4722)
JACKSON KELLY, PLLC
500 Lee Street East, Suite 1600
Charleston, WV 25301
(304) 340-1104
_Counsel for Bayer Cropscience, LP, Bayer
Cropscience Holding, Inc., Bayer Cropscience,
Inc., and Bayer Cropscience, LLC_

2

4847-8282-5837.v1

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DONALD G. DALTON

        PLAINTIFF,

V.

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORATION;
BAYER CROPSCIENCE, LP;
BAYER CROPSCIENCE HOLDING, INC.;
BAYER CROPSCIENCE, INC.;
BAYER CROPSCIENCE, LLC;
AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC.;
CATALYST REFINERS, INC.;
REAGENT CHEMICAL & RESEARCH, INC.; and
PRAXAIR, INC.

        DEFENDANTS.

FILED

2018 JUL 25 PM 1:08

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

CIVIL ACTION NO. 18-C-611

## CERTIFICATE OF SERVICE

I, Albert F. Sebok, counsel for defendants, Bayer Cropscience, LP, Bayer Cropscience Holding, Inc., Bayer Cropscience, Inc., and Bayer Cropscience, LLC, do hereby certify that service of the foregoing *Amended Stipulation*, was made on counsel of record by causing a true and correct copy to be placed in the United States mail, postage prepaid, addressed as follows:

Brian L. Ooten (WVSB #9358)
Richard W. Walters (WVSB #6809)
SHAFFER & SHAFFER, PLLC
330 State Street
Madison, WV 25130
*Counsel for Plaintiff*

Jeffrey M. Wakefield (WVSB # 3894)
Wesley P. Page (WVSB # 10529)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25301
*Counsel for The Dow Chemical Company and
Union Carbide Corporation*

on this 23rd day of July, 2018.

Albert F. Sebok (WVSB # 4722)

4847-8282-5837.v1

FILED

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA 2018 JUL 30 AM 8:43

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

DONALD G. DALTON,

       Plaintiff,

v.                                 CIVIL ACTION NO.: 18-C-611
                                      Honorable Tod J. Kaufman

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORAATION;
BAYER CROPSCIENCE, LP;
BAYER CROPSCIENCE HOLDING, INC.;
BAYER CROPSCIENCE, INC.;
BAYER CROPSCIENCE, LLC;
AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC.;
CATALYST REFINERS, INC.;
REAGENT CHEMICAL & RESEARCH, INC.;
PRAXAIR, INC.; and
JACK AUGUSTA, Individually,

       Defendants.

## NOTICE OF DISMISSAL OF DEFENDANT CATALYST REFINERS, INC.

COMES NOW Plaintiff, Donald G. Dalton, by counsel, Brian L. Ooten, Richard W. Walters, and Shaffer & Shaffer, PLLC, pursuant to Rule 41(a)(1) of the West Virginia Rules of Civil Procedure, and hereby notifies the Court that Plaintiff has received sufficient evidence from Defendant Catalyst Refiners, Inc. ("Catalyst") to determine that Catalyst did not have a role in any of the actions or inactions that contributed to allegations contained in Plaintiff's above-referenced Complaint. Accordingly, Plaintiff hereby voluntarily dismisses Catalyst Refiners, Inc., without prejudice, from Civil Action Number 18-C-611.

Dated: 7/26/2018

Brian L. Ooten, Esquire (WVSB #9358)
Richard W. Walters, Esquire (WVSB #6809)
Shaffer & Shaffer, PLLC
330 State Street
P.O. Box 38
Madison, WV 25130
*Counsel for Plaintiff*

26

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DONALD G. DALTON,

       Plaintiff,

v.

                                    Civil Action No.: 18-C-611
                                    The Hon. Tod J. Kaufman

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORATION;
BAYER CROPSCIENCE, LP;
BAYER CROPSCIENCE HOLDING, INC.'
BAYER CROPSCIENCE, INC.;
BAYER CROPSCIENCE, LLC;
AUSTIN INDUSTRIAL SPECIALTY
SERVICES, INC.; CATALYST REFINERS, INC.;
REAGENT CHEMICAL & RESEARCH, INC.;
PRAXAIR, INC.; AND
JACK AUGUSTA, Individually,

       Defendants.

### NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Gene W. Bailey, II, Esquire, and the law firm of Hendrickson & Long, PLLC, have been retained to appear in the above-styled action as counsel for the Defendant Reagent Chemical & Research, Inc. Please cause all future notices and other documents herein to be served on Gene W. Bailey, II, Esquire of Hendrickson & Long, PLLC at P.O. Box 11070, Charleston, West Virginia 25339.

                          REAGENT CHEMICAL & RESEARCH, INC.

                          By Counsel

                          _____
                          Gene W. Bailey, II (WVSB #203)
                          HENDRICKSON & LONG, PLLC
                          P.O. Box 11070
                          Charleston, West Virginia 25339
                          (304) 346-5500
                          (304) 346-5515 (fax)

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DONALD G. DALTON,

       Plaintiff,

       v.

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORATION;
BAYER CROPSCIENCE, LP;
BAYER CROPSCIENCE HOLDING, INC.'
BAYER CROPSCIENCE, INC.;
BAYER CROPSCIENCE, LLC;
AUSTIN INDUSTRIAL SPECIALTY
SERVICES, INC.; CATALYST REFINERS, INC.;
REAGENT CHEMICAL & RESEARCH, INC.;
PRAXAIR, INC.; AND
JACK AUGUSTA, Individually,

       Defendants.

Civil Action No.: 18-C-611
The Hon. Tod J. Kaufman

KANAWHA COUNTY CIRCUIT COURT

## STIPULATION TO EXTEND TIME TO ANSWER COMPLAINT

NOW COMES the Plaintiff, Donald G. Dalton, by counsel and Defendant, Reagent

Chemical & Research, Inc., by counsel, and hereby stipulate and agree that Reagent Chemical &

Research, Inc. shall have an extension of time to answer or otherwise respond to the Complaint,

to and including August 31, 2018.

       STIPULATED and AGREED this 25th day of July, 2018.

*Prepared by:*

Gene W. Bailey, (WV BAR #203)
HENDRICKSON & LONG, PLLC
214 Capitol Street
Charleston, WV 25301

*Counsel for Defendant Reagent Chemical &
Research, Inc.*

*Approved by:*

Brian L. Ooten, Esquire
Richard W. Walters, Esquire
SHAFFER & SHAFFER, PLLC
P.O. Box 38
Madion, WV 25130

*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**DONALD G. DALTON,**

Plaintiff,

v.                                              Civil Action No. 18-C-611
                                                Judge Tod J. Kaufman

**THE DOW CHEMICAL COMPANY;**
**UNTION CARBIDE CORPORATION;**
**BAYER CROPSCIENCE, LP;**
**BAYER CROPSCIENCE HOLDING, INC.;**
**BAYER CROPSCIENCE, INC.;**
**BAYER CROPSCIENCE, LLC;**
**AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC.;**
**CATALYST REFINERS, INC.;**
**REAGENT CHEMICAL & RESEARCH, INC.;**
**PRAXAIR, INC.; and**
**JACK AUGUSTA, Individually,**

Defendants.

## DISMISSAL ORDER

Based on the *Notice of Dismissal* by Plaintiff's counsel, Brian L. Ooten, Esq., Defendant,

Catalyst Refiners, Inc., is hereby **DISMISSED** from this case.

The Circuit Clerk shall distribute copies of this Order to all counsel of record:

Brian L. Ooten, Esq.                    Cy Hill, Esq.
Shaffer & Shaffer, PLLC                 Cipriani & Werner
330 State St.                           500 Lee St., Ste. 900
P.O. Box 38                             Charleston, WV 25301
Madison, WV 25130

Enter this Order the 31st day of July, 2018.


Tod J. Kaufman
Judge

IN THE CIRCUIT COURT OF KANAWA COUNTY, WEST VIRGINIA

FILED
COPY

DONALD DALTON,

2018 AUG -9  AM 8: 30

PLAINTIFF,

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

v.                                      CIVIL ACTION NO.      No. 18-C-611

THE DOW CHEMICAL COMPANY, et al.,

DEFENDANTS.

### STIPULATION TO DISMISS

Plaintiff Donald Dalton ("Plaintiff") and Defendant Praxair, Inc. (Praxair), by counsel,

hereby stipulate and agree that the claims asserted by Plaintiff against Praxair, Inc. in the

Complaint shall be voluntarily dismissed without prejudice, with each party to bear its own costs.

The case shall remain pending as to all other defendants.

SHAFFER & SHAFFER, PLLC                 FAEGRE BAKER DANIELS LLP

By:                                     By:
Brian L. Ooten (WVSB #9358)             Michael J. Kanute (IL # 6204525)
Richard W. Walters (WVSB #6809)         311 South Wacker Dr.
330 State St.                           Suite 4400
P.O. Box 38                             Chicago, Illinois 60606
Madison, West Virginia, 25130           Attorneys for Defendant Praxair, Inc.
Attorneys for Plaintiff

31

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DONALD G. DALTON

    PLAINTIFF,

V.             CIVIL ACTION NO. 18-C-611

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORATION;
BAYER CROPSCIENCE, LP;
BAYER CROPSCIENCE HOLDING, INC.;
BAYER CROPSCIENCE, INC.;
BAYER CROPSCIENCE, LLC;
AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC.;
CATALYST REFINERS, INC.;
REAGENT CHEMICAL & RESEARCH, INC.; and
PRAXAIR, INC.

    DEFENDANTS.

## NOTICE OF DISMISSAL WITHOUT PREJUDICE OF BAYER CROPSCIENCE HOLDING, INC., BAYER CROPSCIENCE, INC., AND BAYER CROPSCIENCE, LLC

   Plaintiff, by counsel, pursuant to Rule 41(a)(1) of the West Virginia Rules of Civil Procedure, voluntarily dismisses without prejudice the Complaint in the above-entitled action as to defendants Bayer CropScience Holding, Inc., Bayer CropScience, Inc., and Bayer CropScience, LLC, and files this Notice of Dismissal with the Clerk before service of any of these defendants on plaintiff of either an Answer or a Motion for Summary Judgment.

   Dated this 7th day of August, 2018.

*Brian L. Ooten for Allen* ____

Brian L. Ooten (WVSB #9358)
Richard W. Walters (WVSB #6809) *per authorization*
SHAFFER & SHAFFER, PLLC  *of Mr. Ooten*
330 State Street
Madison, WV 25130
(304) 369-0511
*Counsel for Plaintiff*

4814-8847-9343.v1

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DONALD G. DALTON

       PLAINTIFF,

V.                                       CIVIL ACTION NO. 18-C-611

THE DOW CHEMICAL COMPANY;
UNION CARBIDE CORPORATION;
BAYER CROPSCIENCE, LP;
BAYER CROPSCIENCE HOLDING, INC.;
BAYER CROPSCIENCE, INC.;
BAYER CROPSCIENCE, LLC;
AUSTIN INDUSTRIAL SPECIALTY SERVICES, INC.;
CATALYST REFINERS, INC.;
REAGENT CHEMICAL & RESEARCH, INC.; and
PRAXAIR, INC.

       DEFENDANTS.

## CERTIFICATE OF SERVICE

I, Albert F. Sebok, counsel for defendants, Bayer Cropscience, LP, Bayer Cropscience Holding, Inc., Bayer Cropscience, Inc., and Bayer Cropscience, LLC, do hereby certify that service of the foregoing *Notice of Dismissal Without Prejudice of Bayer CropScience Holding, Inc., Bayer CropScience, Inc., and Bayer CropScience, LLC*, was made on counsel of record by causing a true and correct copy to be placed in the United States mail, postage prepaid, addressed as follows:

Brian L. Ooten (WVSB #9358)
Richard W. Walters (WVSB #6809)
SHAFFER & SHAFFER, PLLC
330 State Street
Madison, WV 25130
*Counsel for Plaintiff*

Jeffrey M. Wakefield (WVSB # 3894)
Wesley P. Page (WVSB # 10529)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25301
*Counsel for The Dow Chemical Company and Union Carbide Corporation*

Gene W. Bailey, II (WVSB #203)
HENDRICKSON & LONG, PLLC
P.O. Box 11070
Charleston, WV 25339
(304) 346-5500
*Counsel for Reagent Chemical & Research,*
*Inc.*

on this 7th day of August, 2018.

Albert F. Sebok (WVSB # 4722)

FILED

IN THE CIRCUIT COURT OF KANAWA COUNTY, WEST VIRGINIA

2018 AUG 19 PM 1: 38

DONALD DALTON,

CATHY S. GATSON. CLERK
KANAWHA COUNTY CIRCUIT COURT

PLAINTIFF,

v.

CIVIL ACTION NO.      No. 18-C-611

THE DOW CHEMICAL COMPANY, et al.,

DEFENDANTS.

## AGREED ORDER

This matter coming before the Court; the Plaintiff and Defendant Praxair, Inc. being in agreement and having executed a Stipulation to Dismiss, and the Court being fully advised in the premises, IT IS HEREBY ORDERED that the above action is hereby voluntarily dismissed without prejudice as to Praxair, Inc., only, with party to bear its own costs. The case shall remain pending against all other defendants.

8/9/18

_____
Judge, Circuit Court of Kanawa County,
West Virginia

35