IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONALD G. DALTON,

        Plaintiff,

v.                                    CIVIL ACTION NO. 2:18-cv-01494

THE DOW CHEMICAL COMPANY, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

## I. Introduction

Pending before the court is the plaintiff's Motion to Amend Complaint and for Entry of a New Scheduling Order [ECF No. 42]. For the reasons that follow, the Motion is **DENIED**.

## II. Legal Standard

In order to amend after an established deadline, "a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). Under the Rule 16(b) standard, a party seeking to amend the scheduling order must demonstrate "good cause," which is typically shown by establishing that the reason for the amendment was not otherwise discoverable through "due diligence." *Id.* The focus of the Rule 16(b) inquiry

is on the moving party's reasons for seeking modification. *Erie Ins. Prop. & Cas. Co. v. Johnson*, No. 6:09-cv-01532, 2010 WL 5343316, at *3 (S.D. W. Va. Dec. 20, 2010); *see Montgomery v. Anne Arundel Cty.*, 182 F. App'x 156, 162 (4th Cir. 2006) ("Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party.").

Rule 15(a)'s more liberal standard, on the other hand, requires the court to analyze the "bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party." *Marcum*, 163 F.R.D. at 254 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Under Rule 15, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Such "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

### III. Discussion

I begin my analysis with Rule 16(b), which focuses on the plaintiff's diligence. I find that the plaintiff has not shown good cause for the amendment.

The plaintiff states that he "is seeking leave to amend his complaint to clarify that he is bringing all three causes of action under [section] 5-11-9(7)(A)" of the West Virginia Human Rights Act ("WVHRA"), and "not just the third" cause of action. Mot.

Amend [ECF No. 42] 3. As the court has noted throughout this litigation, section 5-11-9(7)(A) "establishes three distinct causes of action." *Michael v. Appalachian Heating, LLC*, Syl. Pt. 5, 701 S.E. 2d 116 (W. Va. 2010). Specifically, it shall be an unlawful discriminatory practice for any person to:

> (1) engage in any form of threats or reprisal, or; (2) engage in, or hire, or conspire with others to commit acts or activities of any nature, the purpose of which is to harass, degrade, embarrass or cause physical harm or economic loss, or (3) aid, abet, incite, compel or coerce any person to engage in any of the unlawful discriminatory practices defined in W. Va. Code § 5-11-9."

*Id.*

In his initial Complaint, the plaintiff alleged only the third cause of action, asserting that the defendants "aided, abetted, incited, compelled and/or coerced Defendant Austin to engage in the unlawful discriminatory conduct described herein." Compl. [ECF No. 1-1] ¶ 68. The plaintiff now seeks leave to amend to add the first two causes of action under the statute. He contends that good cause exists for the amendment for a host of reasons, including the following: (1) any delay has been the result of an "ultimately harmless misinterpretation of legal principles" which he "did not notice" until this court's June 10, 2019 Order; (2) he "believed he had already stated the claims he now seeks to add"; (3) the amendment will not prejudice the progress of the case and will not result in any surprise to the defendants; (4) litigation would be minimally interrupted by an extension; and (5) the

3

added claims wholly rely on facts already alleged.[1] Pl.'s Reply [ECF No. 53] 2, 5–7. Each of these arguments fall short of establishing good cause.

The court starts with the plaintiff's first argument: that good cause exists because any delay in seeking amendment was due to the plaintiff's misinterpretation of legal principles. This argument, however, demonstrates a complete absence of diligence. As noted in this court's Order granting in part and denying in part a motion to stay [ECF No. 40], the plaintiff misinterpreted West Virginia law in that he was unaware that section 5-11-9(7)(A) contains three distinct causes of action. The plaintiff now seeks to assert the first two causes of action months after the deadline for amendment in the scheduling order. The plaintiff was unaware of the three separate causes of action under the statute until this court's June 10, 2019 Order and acknowledges that he misinterpreted binding case law. Such "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Marcum*, 163 F.R.D. at 254 (quoting *Johnson*, 975 F.2d at 609). The plaintiff's delay in seeking amendment was—admittedly—due to a failure to research and therefore a *lack of* diligence. The fact that the misinterpretation may have been "ultimately harmless" is irrelevant to a finding of good cause. Accordingly, the plaintiff's first argument fails.

The plaintiff's second contention likewise does not demonstrate good cause. As an initial matter, the plaintiff simply cannot claim that he believed he asserted a

---

[1] The plaintiff failed to address the Rule 16(b) standard in his initial Motion, only first asserting good cause for the amendment in his Reply brief [ECF No. 53].

cause of action that he did not know existed. The plaintiff's sole theory of liability under section 5-11-9(7)(A) was, and has always been, that the defendants aided and abetted a discriminatory practice. Until the filing of his motion to amend, the plaintiff had never asserted either of the first two causes of action under this section. Even if the plaintiff did believe he had asserted all three causes of action, his erroneous belief does not demonstrate diligence. The defendant's second contention is without merit.

Last, the court dismisses the plaintiff's final three arguments out of hand, as they relate to a Rule 15(a) analysis, not Rule 16(b). The plaintiff asserts that good cause exists because the amendment will not prejudice the progress of the case or result in any surprise to the defendants; that the litigation would be minimally interrupted by an extension; and that the added claims rely on facts already alleged. But even if true, these arguments relate to prejudice to opposing parties—part of the Rule 15(a) analysis. These arguments do not concern the plaintiff's diligence or the reasons for a tardy amendment. In order to amend after an established deadline, "a moving party *first* must satisfy the good cause standard of Rule 16(b)." *Marcum*, 163 F.R.D. at 254 (emphasis added). This the plaintiff has failed to do. Accordingly, the court does not address whether the plaintiff's amendment satisfies Rule 15(a).

IV.  Conclusion

Because the plaintiff has not shown good cause under Rule 16(b), the Motion to Amend Complaint and For Entry of New Scheduling Order [ECF No. 42] is **DENIED**.

5

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: August 8, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE